# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11402-NMG

STUART E. MARKS,
Appellant,

vs.

JOSEPH BRAUNSTEIN,
CHAPTER 7 TRUSTEE OF ROBERT P. MARKS
Appellee

On Appeal from Final Orders of the
United States Bankruptcy Court for the District of Massachusetts

IN RE ROBERT P. MARKS

Chapter 7
Case No. 05-22378-WCH

## BRIEF OF THE APPELLEE

Mark W. Corner (BBO No. 550156)
*Counsel for the Appellee*
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

DATED:  October 7, 2009

# TABLE OF CONTENTS

Table of Authorities .................................................................................................................... ii
Statement Of The Basis Of Appellate Jurisdiction ..................................................................... 1
Statement Of The Issues Presented For Review ........................................................................ 1
Statement Of The Applicable Standard Of Appellate Review ................................................... 1
Statement Of The Case ............................................................................................................... 2
1.    Procedural History ............................................................................................................ 2
2.    Statement of Facts ............................................................................................................ 4
ARGUMENT ............................................................................................................................... 5
I.    The Bankruptcy Judge Did Not Err In Denying Stuart Marks' Motion To Assert A Lien And/Or Determine Offset, Or In Sustaining The Trustee's Objection To Proof Of Claim Of Stuart Marks, Based On Stuart's Failure To Demonstrate Possession Of The Subject Promissory Note, Or That He Was A Non-Holder With The Rights Of A Holder. ................................................................................................. 5
II.    The Bankruptcy Judge Did Not Abuse His Discretion In Denying Stuart Marks' Motion For Reconsideration, For New Trial And/Or Relief From Judgment. ................. 9
Conclusion ................................................................................................................................ 12

# TABLE OF CONTENTS

## Cases

Aguiar v. Interbay Funding, LLC, 311 B.R. 129 (1st Cir. BAP 2004) .................. 1, 9, 10

Beal Bank v. Caddo Parish-Villas South, 218 B.R. 851 (N.D. Tex. 1998) ...................... 7

Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58 (1st Cir. 2001) ........................................................................................................................ 9

Dennis Joslin Co., LLC v. Robinson Broadcasting Co., 977 F. Supp. 491 (D.D.C. 1997) ............ 7

Eastern Savings Bank, FSB v. LaFata (In re LaFata), 483 F.3d 13 (1st Cir. 2007) ..................... 11

Gavin, 319 B.R. at 32-33 ..................................................................................................... 7

Hoult v. Hoult, 57 F.3d 1 (1st Cir. 1995) ........................................................................... 10

In Re Indian Motorcycle Co., 289 B.R. 269 (1st Cir. BAP 2003) .................................... 10

In re Melillo, 392 B.R. 1 (1st Cir. B.A.P. 2009) ................................................................. 8

In re Samuels, ___ B.R. ___, 2009 Bankr. Lexis 1954 *27-28 (D. Mass. 2009) ........................ 8

In re Wedgestone Fin., 142 B.R. 7 (Bankr. D. Mass. 2009) ............................................... 9

Karak v. Bursaw Oil Corp., 288 F.3d 15 (1st Cir. 2002) .................................................. 10

Longden v. Sunderman, 979 F.2d 1095 (5th Cir. 1992) .................................................... 11

Mitchell v. United States, 141 F.3d 8 (1st Cir. 1998) ....................................................... 10

New Haven Savings Bank v. Follins, 413 F. Supp. 2d 183 (D. Mass. 2006) ........................ 7

Premier Capital LLC v. Gavin (In re Gavin), 319 B.R. 27 (1st Cir. 2004) ........................ 6

Putnam Resources v. Pateman, 757 F. Supp. 157 (D.R.I. 1991) ....................................... 11

Rivera v. M/T Fossarina, 840 F.2d 152 (1st Cir. 1988) ................................................... 10

Sun Pipe Line Co., 831 F.2d 22 (1st Cir. 1987) .................................................................. 2

United States Steel v. M. DeMatteo Construction Co., 315 F.3d 43 (1st Cir. 2002) ........... 10, 11

## Statutes

Bankruptcy Rule 9023 ......................................................................................................... 9

Fed. R. Bankr. P. 8013 ........................................................................................................ 1

Fed. R. Bankr. P. 9024 ..................................................................................................... 3, 9

Fed. R. Civ. P. 59(e) ........................................................................................................... 9

Fed. R. Civ. P. 60(b) ........................................................................................................ 3, 9

G.L. c.106, § 3-301 ............................................................................................................. 5

G.L. c.106, § 3-309(a) ..................................................................................................... 5, 7

G.L. c.106, § 3-309(a)(i) ..................................................................................................... 6

G.L. c.106, § 3-309(b) ..................................................................................................... 5, 6

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

The Appellee Joseph Braunstein, Chapter 7 Trustee of the Estate of Robert Marks (the "Trustee") is satisfied with the Appellant's Statement of the Basis of Appellate Jurisdiction. The Appellant Stuart E. Marks ("Stuart") appeals from two final orders of the United States Bankruptcy Court, over which the United States District Court properly exercised appellate jurisdiction.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether the United States Bankruptcy Court committed an error of law in sustaining Trustee's Objection to Proof of Claim of Stuart E. Marks, and the denying Stuart E. Marks's Motion to Assert a Lien and/or Determine Offset, based upon the evidence, to which the parties stipulated, that Stuart was never a "holder" of the subject promissory note, and was never in possession of the promissory note?

2. Whether the United States Bankruptcy Court abused its discretion by denying Stuart E. Marks's Motion for Reconsideration, for New Trial and/or Relief from Judgment, where the motion was not supported by a showing of newly discovered evidence or manifest error of law?

## STATEMENT OF THE APPLICABLE STANDARD OF APPELLATE REVIEW

"On an appeal the district court …may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The Bankruptcy Court's findings of fact are reviewed for clear error, and its conclusions of law are subject to de novo review. Aguiar v. Interbay Funding, LLC, 311 B.R. 129, 131 (1st Cir. BAP 2004) (citations omitted). The Bankruptcy Court's order denying

Stuart's motion for reconsideration is reviewed for manifest abuse of discretion. Id. at 132, *citing* Sun Pipe Line Co., 831 F.2d 22, 25 (1st Cir. 1987).

## STATEMENT OF THE CASE

### 2. **Procedural History**

Robert P. Marks ("Robert") filed a Chapter 13 voluntary petition on October 14, 2005. The Chapter 13 Trustee filed a motion to dismiss the case on March 6, 2007. On April 27, 2007, Robert filed a motion to convert the case to Chapter 11 (reorganization), which was allowed on May 15, 2007. On August 1, 2007, Robert moved to convert the case to Chapter 7 (liquidation), which was allowed on August 3, 2007, following which Joseph Braunstein was appointed Chapter 7 Trustee on August 6, 2007.

On June 16, 2008, Joseph Braunstein, as Chapter 7 Trustee (the "Trustee") filed a motion to sell an office condominium unit located at 132 Central Street, Unit 212, Foxboro, Massachusetts, which was part of Robert's bankruptcy estate (the "Unit"), fee and clear of liens and encumbrances. The Court allowed the Trustee's motion on July 15, 2008. On August 26, 2008, the Trustee conducted an auction sale of the Unit, at which Stuart was the successful bidder, with a bid of $220,000.

On September 9, 2008, Stuart E. Marks ("Stuart") filed a Motion to Assert a Lien and/or Determine Offset (the "Lien Motion"), by which he sought to credit bid an alleged secured claim against the Robert's estate, based upon his alleged purchase and assignment from Citizens Bank of a promissory note (the "Note") and a mortgage (the "Mortgage") on the Unit granted by Robert. Stuart had also previously filed a Proof of Claim, asserting a claim against Robert's estate in the amount of $250,000, secured by a mortgage on the Unit. Through his motion, Stuart sought to credit bid in at the Trustee's sale up to the amount of his alleged secured claim. The Trustee opposed Stuart's motion, and objected to Stuart's proof of claim, on September 16, 2008.

Stuart then moved to extend the closing date until after the Bankruptcy Court ruled on his Lien Motion, and on the Trustee's objection to Stuart's proof of claim (the "Stay Motion"). By Order dated October 8, 2008, the Court denied Stuart's Stay Motion, and the Trustee agreed that Stuart would have a lien on the proceeds of the sale of the Unit, to the extent that he could establish one following an evidentiary hearing on his Lien Motion, and the Trustee's objection to Stuart's proof of claim. Stuart then paid the Trustee $220,000 for the Unit, and the Trustee conveyed the Unit to Stuart.

On June 22, 2009, the Court (Hillman, U.S.B.J.) convened an evidentiary hearing on Stuart's Lien Motion, and on the Trustee's objection to Stuart's proof of claim. That same day, the Court, based upon the stipulated evidence contained in the parties' Joint Pretrial Statement, denied Stuart's Stay Motion, and sustained the Trustee's objection to Stuart's Proof of Claim. The factual basis for the Court's ruling was the parties' stipulation that Stuart was not, at the time of the trial, in possession of the original Note from Robert Marks to Citizens, and was not aware of where the original Note from Robert was located, or who was in possession of it:

> [The Court]: …nobody's told me where the note is or was or showed up. Now 3-309 is a peculiar section. It lets someone who owns a note enforce the note without having it; but there's a condition precedent that the person who claims ownership in it had it in possession….unless you can show that Stuart had possession of the note at some time, I don't think he's got a claim (Transcript of June 22, 2009 Hearing at 7).

On June 29, 2009, Stuart sought to vacate the order sustaining the Trustee's objection to his proof of claim and denying Stuart's motion to assert a lien on the proceeds, by way of a motion for reconsideration and a motion to set aside the judgment pursuant to Fed. R. Civ. P. 60(b), made applicable to this proceeding by Fed. R. Bankr. P. 9024. Stuart filed an affidavit in support of such motions on July 1, 2009. On July 15, 2009, after hearing, the Bankruptcy Court

3

(Hillman, U.S.B.J.) denied Stuart's motion for reconsideration, his motion for a new trial and/or relief from judgment.

Stuart filed a Notice of Appeal, and election to proceed in the United States District Court, from the Court's July 15, 2009 Orders, on July 23, 2009.

### 3. <u>Statement of Facts</u>

The parties stipulated to the following facts in their Joint Pretrial Statement: On or about October 30, 1986 Robert acquired the Unit for a purchase price of $166,944.00. That same day, Robert granted a mortgage on the Unit to Citizens Financial Services Corp. ("Citizens"), in the sum of $133,450.00. Robert subsequently conveyed title to the Unit from himself individually to himself as Trustee of the MCR Realty Trust on December 28, 1989.

Robert subsequently ran into financial difficulties. On or about May 10, 1994 Stuart purchased and received an assignment of Robert's mortgage to Citizens. Following Joseph Braunstein's appointment as Chapter 7 Trustee, Robert as trustee of the MCR Realty Trust, transferred title to the Unit to the Trustee on July 23, 2008. On or about August 26, 2008, the Trustee sold the Unit at auction, and Stuart Marks was the high bidder at $220,000. Stuart paid the Trustee the full sum of $220,000, and the Trustee has conveyed title to the Unit to Stuart, who has recorded a deed in the Land Court counter of the Registry of Deeds.

At the time of the trial of this matter, on June 22, 2009, Stuart was not in possession of the original Promissory Note from Robert to Citizens, and was not aware of where the original Note from Robert was located, or who was in possession of it. On June 29, 2009, one week after the trial date, Stuart filed an affidavit with the Court, claiming that he had located the original Note in a file cabinet by virtue of an accidental leak in the roof of a building, which he owned, in which he maintained his dental practice, and in which his father resides for a portion of the year. Stuart stated in his affidavit that these documents "were within the possession of [his] father and

4

stored within his living space," and that he had not previously looked in that location because "it was in my father's home and not my own."

# ARGUMENT

I. **THE BANKRUPTCY JUDGE DID NOT ERR IN DENYING STUART MARKS' MOTION TO ASSERT A LIEN AND/OR DETERMINE OFFSET, OR IN SUSTAINING THE TRUSTEE'S OBJECTION TO PROOF OF CLAIM OF STUART MARKS, BASED ON STUART'S FAILURE TO DEMONSTRATE POSSESSION OF THE SUBJECT PROMISSORY NOTE, OR THAT HE WAS A NON-HOLDER WITH THE RIGHTS OF A HOLDER.**

In order to assert a claim against the Estate, Stuart was required to be a holder of the Note – which or course requires possession of the Note – or a non-holder in possession with the rights of a holder. See G.L. c.106, § 3-301. At the time of trial, in connection with the submission of the parties Joint Pretrial Statement, Stuart stipulated that he had never been in possession of the subject Note, and did not know where the Note was. See Joint Pretrial Statement, Stipulated Facts ¶¶ 14-15. Given that he was not in possession of the Note, Stuart could have enforced the Note only if entitled to do so under Section 3-309, which permits enforcement if the instrument has been lost, destroyed or stolen, and:

> (i) The person [seeking to enforce the instrument] was in possession of the instrument and entitled to enforce it when the loss of possession occurred; (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure of the instrument; and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person.

G.L. c.106, § 3-309(a). A creditor seeking to enforce rights under a lost instrument must prove the terms of the instrument and the person's right to enforce it. G.L. c.106, § 3-309(b). Once those elements are established, the court still may not enter a judgment in favor of the creditor seeking enforcement unless and until the person obligated to pay the instrument is adequately

5

protected against a loss that may occur due to a claim by a third party seeking enforcement. G.L. c.106, § 3-309(b); Premier Capital LLC v. Gavin (In re Gavin), 319 B.R. 27 (1st Cir. 2004).

Based upon the stipulated facts, Stuart did not meet the requirements set forth in Section 3-309 permitting enforcement of the Note, that Stuart was "in possession of the instrument and entitled to enforce it when the loss of possession occurred." G.L. c.106, § 3-309(a)(i). Additionally, Stuart's counsel made an offer of proof that Stuart did not recall <u>ever</u> having been in possession of the Note (<u>see</u> June 22, 2009 transcript at 8: "I think the evidence will show that Stuart truly can't remember whether he had possession of the note"). Based on this statement, the Bankruptcy Judge correctly ruled that Stuart was incapable of enforcing the lost note under Section 3-309 because he could not demonstrate that he was "in possession of the instrument and entitled to enforce it when the loss of possession occurred."

Stuart argues in his brief that based on the Land Court's record of the original mortgage and the assignment of the mortgage from Citizens to Stuart, the Court should "infer the existence of the underlying promissory note." See Appellant's Brief at 14. In so arguing, Stuart in essence contends that the Bankruptcy Court erred in failing to recognize the existence and enforceability of the Note through secondary evidence. While such secondary evidence may be admissible in certain circumstances to prove the existence of an instrument – and indeed, the existence of the mortgage assignment from Citizens to Stuart is undisputed by the Trustee – such secondary evidence may be considered by the Court <u>only</u> if it satisfies the requirements of Section 3-309(a), which sets forth and limits the circumstances under which a court may consider such secondary evidence to permit the enforcement of an instrument in the absence of possession of the instrument by the party seeking to enforce it. Consequently, Stuart's contention that the record of a mortgage assignment should "infer the existence of the note" is unfounded. See Gavin, 319

6

B.R. at 32-33 ("Article 3 makes it clear that a break in the chain of title is bridged not by drawing a 'reasonable inference' from circumstantial evidence, but by providing direct evidence which establishes the terms of the loan, ownership of the loan, and adequate protection the Debtor will not sustain a loss from another party claiming to own the Note"). See also New Haven Savings Bank v. Follins, 413 F. Supp. 2d 183, 199 (D. Mass. 2006).

While the evidence of the existence of the Mortgage, and of the assignment of the Mortgage from Citizens to Stuart, is undisputed by the Trustee, the Mortgage itself merely provides security for the underlying obligation. The reason for the Bankruptcy Judge's dismissal of Stuart's claim was the absence of the Note - the negotiable instrument under Article 3 which documents the obligation. Consequently, records of the mortgage assignment do not meet the burden of proof required under G.L. c. 106, § 3-309(a) in the absence of a showing that Stuart possessed the Note at some point in time.

In his brief, Stuart relies heavily on the treatment of Dennis Joslin Co., LLC v. Robinson Broadcasting Co., 977 F. Supp. 491 (D.D.C. 1997), which has not been overruled, to find error in the Bankruptcy Judge's decision. In Dennis Joslin, the United States District Court for the District of Columbia held that recovery under UCC § 3-309 is precluded if the plaintiff did not have possession of the note at the time it was lost. Stuart cites to decisions where some states other than Massachusetts have distinguished Dennis Joslin or not followed that decision. See Appellant's Brief page 17. Stuart cites to Beal Bank v. Caddo Parish-Villas South, 218 B.R. 851 (N.D. Tex. 1998), as a case that rejects Dennis Joslin. In Beal, the Court held that where it was clear on the record that the assignor had lost the note and later assigned the interests to the note to the assignee, who knew the note was lost, the assignee could stand in the shoes of the assignor and enforce the note. Beal Bank, 218 B.R. at 856. The ruling in Beal is distinguishable from

this case, as Stuart has never alleged nor offered evidence to prove the note was lost by Citizens Bank before the assignment of the note occurred. Even if a Massachusetts Court were to follow the reasoning in Beal – and no Massachusetts Court has done so to date – Stuart has failed to sustain his burden under the Massachusetts version of Section 3-309 now in effect.

In addition to Stuart's failure to provide direct evidence of ownership of the note, his brief cites to cases involving mortgage claims, foreclosures and credit card assignments as supportive of his argument. See Appellant's Brief at. 12-13, citing In re Samuels, ___ B.R. ___, 2009 Bankr. Lexis 1954 *27-28 (D. Mass. 2009) (involving a mortgage assignment dispute where the creditor has possession of the promissory note); In re Melillo, 392 B.R. 1 (1st Cir. B.A.P. 2009) (a case involving neither a promissory note nor Section 3-309, in which the Panel held that the appellant did not provide proof of assignment of credit card accounts, and thus failed to prove it was a creditor). Those cases are likewise inconsequential to this case, which is based upon enforcement of a promissory note, not of a mortgage.[1]

The Bankruptcy Judge did not err in dismissing Stuart's claim. Stuart not a "holder" of the Note, in possession of the instrument, and from the time he filed his Proof of Claim, on August 25, 2008, through the date of trial on June 22, 2009, he did not satisfy the criteria set forth in Section 3-309 for proving the existence and terms of the Note through secondary evidence.

---

[1] Stuart also attached an affidavit to his brief describing the mortgage recording system which is not a part of the record of this case, and is in any event immaterial in this case since the existence of the mortgage assignment from Citizens Bank to Stuart is undisputed by the Trustee. This affidavit should be stricken from the record on appeal, and not considered by the Court.

## II. THE BANKRUPTCY JUDGE DID NOT ABUSE HIS DISCRETION IN DENYING STUART MARKS' MOTION FOR RECONSIDERATION, FOR NEW TRIAL AND/OR RELIEF FROM JUDGMENT.

A motion for reconsideration is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) as set forth in Bankruptcy Rule 9023, or as a motion for relief from judgment under Fed. R. Civ. P. 60(b) set forth in Bankruptcy Rule 9024. Stuart seeks review of the trial judge's order denying his motion for reconsideration.

To prevail on a motion for reconsideration, the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law. In re Wedgestone Fin., 142 B.R. 7, 8 (Bankr. D. Mass. 2009). Appellate courts review orders denying motions for reconsideration for manifest abuse of discretion. Aguiar, 311 B.R. at 132, citing Sun Pipe Line Co., 831 F.2d 22, 25 (1st Cir. 1987). See Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 63 -64 (1st Cir. 2001) ("As motions brought under Rule 60(b) are 'committed to the court's sound discretion,' we review here only to determine if the district court abused its discretion in refusing to grant appellants' motion....Although many courts have indicated that Rule 60(b) motions should be granted liberally, [the First Circuit] has taken a harsher tack. 'Because Rule 60(b) is a vehicle for 'extraordinary relief,' motions invoking the rule should be granted 'only under exceptional circumstances.'" [internal citations omitted]).

Here, Stuart sought reconsideration based on the allegation of newly discovered evidence. The Bankruptcy Judge correctly ruled that Stuart failed to meet the burden necessary to succeed on a Rule 60(b)(2) motion. To succeed on a Rule 60(b)(2) motion on the basis of newly discovered evidence, the moving party must show (1) the evidence has been discovered since the trial; (2) the evidence could not by due diligence have been discovered earlier by the moving party; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result were a new trial to be granted. United

States Steel v. M. DeMatteo Construction Co., 315 F.3d 43, 52 (1st Cir. 2002), citing Mitchell v. United States, 141 F.3d 8, 18 (1st Cir. 1998). The rule is "aimed at correcting erroneous judgments based on the unobtainability of evidence ...." Aguiar, 311 B.R. at 135; Hoult v. Hoult, 57 F.3d 1, 5 (1st Cir. 1995).

"To be unobtainable, evidence must exist, but be beyond reach," and a party seeking relief under Rule 60(b)(2) must show that the evidence "could not by due diligence have been discovered earlier by the movant...." Aguiar, 311 B.R. at 135, citing In Re Indian Motorcycle Co., 289 B.R. 269, 280 (1st Cir. BAP 2003). "Newly discovered evidence" normally refers to "evidence of fact in existence at the time of trial of which the aggrieved party was excusably ignorant." Aguiar, 311 B.R. at 135, citing Rivera v. M/T Fossarina, 840 F.2d 152, 156 (1st Cir. 1988). A party seeking relief from a judgment based on newly discovered evidence must "at the very least, offer convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings." United States Steel, 315 F.3d at 52; Karak v. Bursaw Oil Corp., 288 F.3d 15, 20 (1st Cir. 2002).

Stuart did not prove the Note could not by due diligence have been discovered earlier. One week after the scheduled trial date, Stuart claimed to have located the original Note[2] by virtue of an accidental leak in the roof of a building, which he owned, in which he maintained his dental practice, and in which his father resides for a portion of the year. Stuart offered no plausible reason as to how he was unable to locate the Note and associated documents, which were in a file cabinet under his own roof, in the ten months between filing the proof of claim and the date of trial. Evidence in the possession of the moving party is always discoverable through

---

[2] The Trustee has not seen the original Note, but only a copy of what has been represented to be a copy of the original Note. The Trustee takes as true Stuart's representation that he has located the original Note, subject to verification.

due diligence. Putnam Resources v. Pateman, 757 F. Supp. 157, 170 (D.R.I. 1991). Such evidence, which has been misplaced and then found shortly after the trial has ended, has not been "discovered." Longden v. Sunderman, 979 F.2d 1095, 1103 (5th Cir. 1992).

Additionally, a moving party must show that the newly discovered evidence "is of such a nature that would probably change the result were a new trial to be granted." Eastern Savings Bank, FSB v. LaFata (In re LaFata), 483 F.3d 13, 24 (1st Cir. 2007); United States Steel, 315 F.3d at 52. As of the date of trial, June 22, 2009, the evidence was undisputed that Stuart never had possession of the original note. As is indicated in the transmittal letter enclosing the original mortgage, the document was sent by Citizens Bank, presumably through its counsel, to Robert Marks, the Debtor – not to Stuart, the purported assignee (see Exhibit A to Stuart's affidavit). Stuart stated for his part that these documents "were within the possession of [his] father and stored within his living space," and that he had not previously looked in that location because "it was in my father's home and not my own." See Affidavit of Stuart Marks in Support of Reconsideration of his Motion to Assert Lien and/or to Determine Offset [289] and Trustee's Objection to Proof of Claim of Stuart Marks [294], ¶¶ 9, 7.

Based upon the assertions contained in his own affidavit, Stuart was never in possession of the original note until June 29, 2009 - one week after the scheduled trial. As such, he would have been unable to prevail at trial on June 22, 2009 since he was not in possession of the Note at that time, and could not demonstrate that he had been in possession of the Note at any point prior to that. Based only on the evidence submitted by Stuart, the Note was continuously in the possession of either the Debtor or his father until June 29, 2009. Thus, the "newly discovered evidence" - even if it remained undiscovered despite Stuart's excusable neglect - would not have changed the outcome of the disposition of Stuart's claim against the Estate.

The assertions contained in Stuart's affidavit lead to one of two mutually exclusive results: (1) the Note was <u>always</u> in his possession, and his failure to discover it and present it a the time of trial was a failure of reasonable diligence; or (2) the Note was <u>not</u> in his possession, was <u>never</u> in his possession as of the time of trial, and as such he failed to satisfy the criteria for proof of the existence and terms of the instrument, as set forth in Section 3-309, consistent with the Bankruptcy Judge's original ruling. Stuart's failure to meet the standard, combined with the extraordinary nature of Rule 60(b)(2) motions, demonstrate that the Bankruptcy Judge's actions did not consist of an abuse of discretion.

## **CONCLUSION**

The Court should affirm the Bankruptcy Court's order denying Stuart Marks' Motion Assert a Lien and Determine Offset, affirm the Court's allowance of the Trustee's Objection to the Appellant's Proof of Claim, and affirm the Bankruptcy Court's order denying Stuart Marks' Motion for Reconsideration, for the reasons contained in this Brief.

JOSEPH BRAUNSTEIN, CHAPTER 7
TRUSTEE OF THE ESTATE OF ROBERT
P. MARKS
By his attorneys,

DATED: October 7, 2009

*/s/Mark W. Corner*
Mark W. Corner, BBO No. 550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
mcorner@riemerlaw.com

13

## CERTIFICATE OF SERVICE

I, Mark W. Corner hereby certify that on October 7, 2009 I caused to be served a copy of the Brief of the Appellee, by electronic file notification, upon the following counsel of record:

Harvey S. Shapiro, Esq.
77 Central St., 2nd Fl.
Boston, MA 02109

Theodore J. Koban, Esquire
89 North Main Street
Attleboro, Massachusetts  02703

Amber Anderson Villa, Esquire
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

                                     _/s/Mark W. Corner_
                                     Mark W. Corner

1173001.3